UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERTO DARIO RODRIGUEZ,

    Petitioner,

vs.
                                            CASE NO. 8:08-CV-21-T-27TBM
                                            CRIM. CASE NO. 8:01-CR-302-T-27TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response (CV Dkt. 6), and Petitioner's Reply (CV Dkt. 7). Upon consideration, Petitioner's motion is DENIED.

**Procedural Background**

Petitioner was charged in a one-count indictment with being an alien felon found in the United States without permission after deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (CR Dkt. 1). On September 27, 2006, Petitioner pleaded guilty without a plea agreement. (CR Dkts. 37, 40). On January 11, 2007, Petitioner was sentenced to fifty-seven months imprisonment to be followed by three years of supervised release. (CR Dkt. 44). Petitioner filed no direct appeal.

Petitioner filed his Section 2255 motion on January 4, 2008 (CR Dkt. 48; CV Dkt. 1). The Respondent makes no challenge to the timeliness of the motion. In his motion, Petitioner raises three grounds for relief:

**Ground One:** Ineffective assistance of counsel at sentencing for failing to object to the use of a non-qualifying prior conviction in sentence calculation;

**Ground Two:** Ineffective assistance of counsel for failing to present mitigating circumstances under 18 U.S.C. § 3553(a)(7) which could have resulted in a shorter sentence; and

**Ground Three:** Ineffective assistance of counsel for failing to investigate the use of a 1990 conviction in the calculation of Petitioner's criminal history

## Discussion

**Grounds One and Three**

Petitioner alleges in ground one that his "appointed counsel failed to object to the use of a non-qualifying prior conviction that [the] [G]overnment sought to use as [an] aggravated offense to increase the penalty for punishment during sentencing" (CV Dkt. 1, p. 4). Petitioner contends in ground three that his counsel rendered ineffective assistance by failing to investigate the use of a 1990 New York state conviction in the calculation of Petitioner's criminal history. In his reply (CV Dkt. 7, p. 2) Petitioner specifically claims that he "informed his counsel that case #511/90 out of the district court in Nassau County, New York, was only a simple possession charge and was granted a conditional discharge on this case," and that he "informed counsel to investigate other prior convictions that were on the (P[S]R) to dispute the use of them towards his criminal [history] because they were cases from Florida that were for simple possession and not countable under Federal standards, such as cases CRC98-03551CFANO, CRC00-20282CFANO, CRC99-22854CFANO, and case CTC95-12060MMANO for simple battery where no criminal points should have been a[ss]essed, and driving violations [in] case CRC97-03034CFANO, no points should have been a[ss]essed." Petitioner appears to claim that the use of these convictions

in the calculation of his criminal history points resulted in his receiving a longer sentence than he otherwise would have received.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions

3

were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. Petitioner cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally

compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

Petitioner fails to present any evidence that counsel failed to investigate the nature and validity of his state convictions.[1] Moreover, contrary to Petitioner's assertion, trial counsel specifically addressed case number CRC98-03551CFANO (a state conviction for possession of cocaine) during sentencing.[2] Petitioner fails to demonstrate any error in the calculation of his criminal history category or his sentencing guidelines range. Petitioner fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment. *Waters v. Thomas*, 46 F.3d at 1512; *Chandler v. United States*, 218 F.3d at 1314. Petitioner demonstrates neither deficient performance nor resulting prejudice based on counsel's performance at sentencing. Petitioner cannot obtain relief on his claim of ineffective assistance of counsel because the requirements of *Strickland* remain unsatisfied.

In addition to his ineffective assistance claim, Petitioner argues in his reply a substantive claim that the Government failed to prove the validity of any of his prior convictions and argues that

---

[1] Petitioner's Presentence Investigation Report ("PSR") shows the following allocation of points for the specific prior convictions Petitioner cites in his reply:

1) Attempted criminal sale of a controlled substance - Nassau County, New York - 2 points
2) Battery - Case No. CTC95-12060MMANO - 1 point
3) Felony driving while license suspended or revoked - Case No. CRC97-03034CFANO - 1 point
4) Scheme to defraud - Case No. CRC99-22854 - 1 point
5) Possession of cocaine - Case No. CRC98-03551-CF - 1 point
6) Felony driving while license suspended or revoked - -Case No. CR00-20282CFANO - pending at time of sentencing - no points assessed

Each of these convictions was scored under either U.S.S.G. § 4A1.1(b) or § 4A1.1(c). Petitioner shows neither improper application of the relevant guidelines nor error in the points assessment assigned to each prior conviction.

[2] Counsel brought to the court's attention that the judgment reflected only a conviction for possession of cocaine rather than both possession and sale of cocaine as originally charged (CR Dkt. 50, pp. 5-10). Counsel advised the court that the correction made no difference in the calculation of Petitioner's criminal history category. The Government agreed with counsel's calculation.

5

he "is 'actually innocent' of any of these enhancements towards his criminal history category" (CV Dkt. 7, p. 4). Petitioner further claims that the Government's failure "to prove beyond a reasonable doubt that each and every one of the prior convictions used to enhance [his] criminal history category were true and correct" violated *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner failed to raise these issues on direct appeal. Section 2255 is not intended to be a substitute for direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (*quoting United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981)). Both Petitioner's substantive claim of prosecutorial error and his *Blakely/Booker* claim are non-constitutional in nature and provide no basis for collateral relief absent a showing that a denial of relief would result in a miscarriage of justice. *See Richards v. United States*, 837 F.2d at 966. Petitioner has not made this requisite showing. By failing to raise these claims on direct appeal, Petitioner procedurally defaulted the claims.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in § 2255 proceeding." *Lynn v. United States*, 365 F.3d at 1234 (citations omitted). Where a petitioner has failed to raise claims that could and should have been raised at sentencing or on direct appeal, district court review of such claims is barred absent a showing of

either: (1) cause and prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167-70 (1982). To show cause, Petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d at 1235 n.20 (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, Petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, Petitioner must demonstrate that "a constitutional violation 'has probably resulted in the conviction of one who is actually innocent.' . . . '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24.

In an apparent attempt to circumvent his failure to present these claims on direct appeal, Petitioner asserts that counsel's alleged ineffective assistance serves as cause to excuse the procedural default of these claims. Petitioner claims that counsel's failure to investigate Petitioner's prior convictions and counsel's failure to object to the use of those convictions in the calculation of Petitioner's sentence resulted in ineffective assistance and a denial of fundamental fairness.

Ineffective assistance of counsel can constitute cause to excuse procedural default. *Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir. 2001); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner seeking to show that counsel's assistance was the cause of a default must prove his underlying ineffective assistance claim, establishing that counsel's performance was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

7

If a petitioner cannot establish a separate ineffective assistance claim, he cannot prevail on an argument that the ineffective assistance caused the procedural default.

As discussed *supra*, Petitioner cannot establish that counsel failed to investigate his prior convictions and cannot establish that counsel had any basis upon which to object to the calculation of Petitioner's sentence. Therefore, Petitioner cannot establish an independent claim of ineffective assistance and cannot rely upon counsel's alleged ineffectiveness to show cause to excuse his default. Furthermore, Petitioner presents no evidence substantiating his actual innocence claim.[3] Consequently, the remaining claims presented in Petitioner's reply are procedurally barred from federal review.

**Ground Two**

Petitioner contends that his trial counsel rendered ineffective assistance by failing to present mitigating circumstances under 18 U.S.C. § 3553(a)(7) that could have resulted in a shorter sentence. The record belies Petitioner's contention. Counsel specifically addressed Petitioner's criminal history in an attempt to mitigate Petitioner's sentence.[4] To the extent that Petitioner argues that

---

[3] To the extent that Petitioner argues that he is actually innocent of the prior state convictions and that the Government failed to prove "that each and every one of the prior convictions used to enhance petitioner's criminal history category were true and correct," he is entitled to no relief because this Section 2255 motion is not the proper avenue for challenging the validity of those state criminal convictions.

[4] Counsel argued at sentencing:

Court: . . . [Counsel], what say you and your client as to mitigation?

[Counsel]: Judge, what I'd like to go to in mitigation, I think it's readily glaring to anyone who is looking at his report, and that's the criminal history section. But one of the things I would point out is that before we get there is that in Paragraph Six of the PSR, it says that Alberto Dario Rodriguez is a native and citizen of Argentina; that on March 23rd, 1988, while Rodriguez was still a juvenile, he and his mother and brother attempted to enter the United States.

(continued...)

8

⁴(...continued)

So, Judge, he came here with his mother when he was a juvenile. He's been here the entire time. That doesn't make it right because the burden still was on him and/or his mother to adjust his citizenship before he turned 18, and that never happened, which we see all the time.

I want to point out to the court that he's been here since that period of time. He was deported, as reflected in the PSR in Paragraph 14 on March 27[th]. He was removed from the United States. But then we dovetail into his prior record, which is the point I was going to make to the report, his record is very substantial.

It starts back when he was age 14, according to the PSR, in the year 1988. And the report speaks for itself and the criminal conduct goes on until, I'm going to say - - let's say [19]99 or 2000. I think there's a 2000 offense listed in Paragraph 63. That's a pending offense of felony driving while license suspended or revoked.

But in mitigation, I would offer this individual has been in the country this period of time since he was a juvenile. Yes, he did run afoul of the law. But in mitigation, I'd ask the court to look at that since the year of 2000, this individual has not committed any other offense.

Now, I guess the opposing argument or the counter argument could be, well, if he had committed offenses when he relocated to the New York area that clearly would have led to his detention, he would have been apprehended and removed from the country. That's what I'm asking the court to focus on in mitigation.

I know he's a [sic] 12 criminal history points and he's in category five. The range of imprisonment id 46 to 57 months. He's not a citizen of this country, he's broken the laws when he's been here. And that's not good.

But I'm asking the court if you would not exceed the 57 month range in this case, considering the fact that he has, I'm going to say, curtailed his conduct by not committing new offenses since the year 2000.

I'm aware that he has outstanding warrants out there in Pinellas County and I think one in Hillsborough County. He's in federal custody, I understand, and it's my understanding that he normally is going to be deported and the state is not going to be trying to bring him back into the country.

(continued...)

counsel failed to present any other mitigating circumstances at sentencing, Petitioner fails to articulate what mitigating circumstances he believes counsel omitted. Consequently, Petitioner presents no evidence of entitlement to relief. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Petitioner fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment. *Waters v. Thomas*, 46 F.3d at 1512; *Chandler v. United States*, 218 F.3d at 1314. Petitioner fails to meet either *Strickland*'s deficient performance or prejudice requirement to support this claim of ineffective assistance. *See Strickland v. Washington*, 466 U.S. at 691-92.

## Evidentiary hearing

Petitioner seeks an evidentiary hearing. This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

---

[4](...continued)
> So for those reasons, Judge, under 3553(a), I'm asking the court to consider the nature and circumstances of this offense, his history and characteristics. He ran afoul of the law for some period of time, but the latter part of his criminal record shows he's been rather crime-free.
>
> I think a sentence of no more than 57 months would promote respect for the law. It would protect the public. And he's going to be removed from the country. That does not mean he will not attempt to come back in the country, as we normally see individuals do on many occasions.
>
> And that's our request of the court, Judge, that you not depart upward, and a sentence of no more than 57 months would be a reasonable sentence under 3553(a).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 3rd day of May, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record